IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01981-BNB

DAVID RICHARD CAIN,

    Applicant,

v.

RAE TIMME, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, David Richard Cain, a Colorado Department of Corrections (DOC) prisoner, is incarcerated at the Fremont Correctional Facility in Cañón City, Colorado. Mr. Cain has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. He challenges the validity of his sentences in Jefferson County District Court Case No. 99CR171.

    In an order filed on August 9, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 13, 2011, Respondents submitted their pre-answer response after the Court denied leave to file a motion to dismiss. Mr. Cain filed his reply on October 31, 2011, after obtaining an extension of time.

The Court must construe liberally the Application filed by Mr. Cain because he is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a **pro se** litigant.  **See Hall**, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as time-barred.

On May 17, 1999, Mr. Cain was convicted pursuant to his guilty plea to one count of sexual assault on a child–pattern of abuse and one count of sexual assault on a child by one in a position of trust.  Pre-Answer Resp. Ex. A, at 6-7.  On June 28, 1999, he was sentenced to concurrent terms of twenty-three years and sixteen years imprisonment, respectively.  *Id.* at 6.  The Colorado Court of Appeals affirmed his sentence in **People v. Cain**, No. 99CA1589 (Colo. App. Sept. 21, 2000) (unpublished).  Pre-Answer Resp. Ex. D.  Mr. Cain filed a petition for certiorari review, which was denied by the Colorado Supreme Court on February 5, 2001.  *Id.*, Ex. E.

On September 6, 2001, Mr. Cain filed a motion for reconsideration of sentence pursuant to Colo. Crim. P. Rule 35(b).  Pre-Answer Resp. Ex. A, at 5.  The state trial court denied the motion on February 7, 2002.  *Id.*  Mr. Cain did not appeal the trial court's order.

On March 8, 2002, Mr. Cain filed a "Motion for Leave to Proceed In Forma Pauperis," "Motion for Appointment of Counsel," and document which purported to explain the purpose of post-conviction proceedings.  Pre-Answer Resp. Ex. A, at 5; Ex. H.  The state trial court construed Mr. Cain's motions as requests for post-conviction

relief pursuant to Colo. Crim. P. Rule 35(c) and denied the motions on the merits on March 14, 2002. *Id.* Mr. Cain appealed the trial court's ruling. In a decision dated January 15, 2004, the Colorado Court of Appeals determined that the state trial court erred in treating Applicant's motions as substantive motions for post-conviction relief because Mr. Cain had not raised any substantive claims in his motion or set forth any factual or legal argument in support of a substantive claim for relief. **See People v. Cain**, No. 02CA0879 (Colo. App. Jan. 15, 2004) (unpublished decision). Pre-Answer Resp. Ex. H, at 2. The Colorado Court of Appeals vacated the trial court's Order of March 14, 2002, and remanded the case to the trial court with directions to rule on Mr. Cain's pending motions. *Id.* at 3. On May 28, 2004, the state trial court granted Mr. Cain's motions and appointed counsel to represent him in determining the potential merit of a motion for post-conviction relief. Pre-Answer Resp. Ex. A, at 4.

Mr. Cain filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c) on October 25, 2005. *Id.* The state trial court did not rule on the motion until August 3, 2009. *Id.* at 3. The trial court found that Mr. Cain had abandoned the motion by failing to pursue relief in a timely manner after his counsel filed a motion to withdraw in April 2007, and further found that the motion was successive to his Rule 35(c) motion filed in March 2002. *Id.*

Mr. Cain filed a motion to correct illegal sentence pursuant to Colo. Crim. P. Rule 35(a) on October 13, 2009. *Id.*, at 3. The state trial court denied the motion on December 9, 2009. *Id.* On September 23, 2010, the Colorado Court of Appeals

affirmed the trial court's order and remanded with directions to issue an amended mittimus reflecting that Mr. Cain is subject to discretionary, not mandatory, parole. *See People v. Cain*, No. 10CA0110 (Colo. App. Sept. 23, 2010) (unpublished decision), Pre-Answer Resp. Ex. J.  The Colorado Supreme Court denied Mr. Cain's petition for certiorari review on February 14, 2011.  *Id.*, Ex. L.

Mr. Cain filed his § 2254 Application on August 1, 2011, asserting two claims: (1) the state trial court misinterpreted Colo. Rev. Stat. ('C.R.S.") § 18-3-405(2)(d) (2010), and violated his due process rights when it enhanced his sentence from a class four felony to a class three felony because he did not commit sexual assault on a child as part of a pattern of abuse; and (2) the trial court erred in sentencing him pursuant to Colorado's crime of violence statute based on his conviction for sexual assault on a child by one in a position of trust.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Respondents further argue that Mr. Cain has procedurally defaulted his claims in the state courts, and, therefore this federal habeas court may not review the merits.

**I.  AEDPA Time Bar**

Respondents first argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

>   (A)  the date on which the judgment became final by the
>   conclusion of direct review or the expiration of the time for
>   seeking such review;
>
>   (B)  the date on which the impediment to filing an application
>   created by State action in violation of the Constitution or
>   laws of the United States is removed, if the applicant was
>   prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was
>   initially recognized by the Supreme Court, if the right has
>   been newly recognized by the Supreme Court and made
>   retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or
>   claims presented could have been discovered through the
>   exercise of due diligence.
>   (2)  The time during which a properly filed application for
>   State post-conviction or other collateral review with respect
>   to the pertinent judgment or claim is pending shall not be
>   counted toward any period of limitation under this
>   subsection.

28 U.S.C. § 2244(d).

Mr. Cain's conviction became final on May 6, 2001, ninety days after the Colorado Supreme Court denied his petition for certiorari review on direct appeal, when the time for seeking review in the United States Supreme Court expired. *See* Sup.Ct. R. 13(1); **Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2001). Accordingly, the statute began to run on May 7, 2001.

The Court must next determine whether any of Mr. Cain's state post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the

meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." **Artuz v. Bennett**, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

**Habteselassie v. Novak**, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. **See Gibson v. Klinger**, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." **Barnett v. Lemaster**, 167 F.3d 1321, 1323 (10th Cir. 1999).

Mr. Cain filed a motion for sentence reconsideration on September 6, 2001. A timely filed motion for sentence reconsideration pursuant to Colo. Crim. P. Rule 35(b) tolls the one-year limitation period. **See Robinson v. Golder**, 443 F.3d 718, 721 (10th Cir. 2006). Under Colo. Crim. P. Rule 35(b), a motion for reduction of sentence must be filed "within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence." Colo. R. Crim. P. 35(b)(3); **see also People v. Fuqua,** 764 P.2d 56, 59 (Colo.1988) (holding that Colo. Crim. P. Rule 35(b)'s filing requirements are jurisdictional). The Colorado Court of

Appeals affirmed Mr. Cain's sentence on September 21, 2000 and the Colorado Supreme Court denied his petition for certiorari review on February 5, 2001. Mr. Cain filed his motion for sentence reconsideration on September 6, 2001, 213 days after Colorado Supreme Court denied his petition for certiorari review. The motion, therefore, was not timely under state procedural rules. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (holding that an untimely post-conviction motion under state law does not toll the one-year limitation period under 28 U.S.C. § 2244(d)(2)). Accordingly, the motion to reconsider did not toll the statute of limitations and the clock continued to run unabated.

The Court next considers whether the motions Mr. Cain filed on March 8, 2002, tolled the limitations period. On March 8, 2002, Mr. Cain filed two procedural motions and a document which purported to explain the purpose of post-conviction proceedings. Although the trial court construed these documents liberally as motions requesting post-conviction relief pursuant to Colo. Crim. P. Rule 35(c), the Colorado Court of Appeals vacated that order and instructed the trial court to rule on the motions. Because the state appellate court found that Mr. Cain had not filed a state post-conviction motion, the documents Mr. Cain filed on March 8, 2002, did not toll the limitations period. *See Gibson*, 232 F.3d at 807 (application for post-conviction relief is not pending where petitioner is not properly utilizing state court procedures). Applicant subsequently did not file a motion for post-conviction relief until October 25, 2005. By that time, more than three years had passed since Applicant's conviction became final. Accordingly,

absent equitable tolling this action must be dismissed as untimely under 28 U.S.C. § 2244(d).

Respondents, however, assume that the statute was tolled from March 8, 2002, until May 30, 2007, while Mr. Cain was attempting to initiate and prosecute a post-conviction proceeding pursuant to Colo. Crim. P. Rule 35(c) in the state trial court. Pre-Answer Resp., at 8. Respondents contend that Mr. Cain prosecuted his Rule 35(c) motion until May 30, 2007, but then took no further action until the trial court finally issued a ruling on August 3, 2009. *Id.*, citing Ex. A, at 2. Indeed, the state trial court found that Mr. Cain had abandoned the motion by failing to take any action on the motion for two years after his attorney filed a motion to withdraw in April 2007. Respondents therefore argue that Mr. Cain's Application is time-barred because the statute of limitations ran sometime after May 30, 2007, when Mr. Cain abandoned his Rule 35(c) motion.

The state trial court did not determine definitively at what point Mr. Cain abandoned his state post-conviction motion, and this Court need not resolve the issue of abandonment. Even if the entire period between March 8, 2002, and August 3, 2009, does not count against Applicant on the AEDPA time clock because a properly-filed state post-conviction motion was pending, his Application is nevertheless time barred.

At the time Mr. Cain attempted to initiate a post-conviction proceeding on March 8, 2002, a total of **305 days** had expired on AEDPA time clock since May 7, 2001. Excluding the period March 8, 2002, through August 3, 2009 (plus an additional forty-

five days in which Mr. Cain could have appealed the denial of his Rule 35(c)motion,[1] *see* Colo. R. App. Rule 4(b)(1)), the statute commenced again on September 19, 2009, and ran for **24 days** until it was tolled on October 13, 2009, when he filed a motion to correct illegal sentence pursuant to Colo. Crim. P. Rule 35(a).  At that point, a total of **329 days** of the one-year limitation period had passed.  Mr. Cain's Colo. Crim. P. Rule 35(a) motion was pending until the Colorado Supreme Court denied his petition for certiorari review on February 14, 2011.  The AEDPA time clock began to run again on February 15, 2011, and ran for another **166 days** until Mr. Cain filed his § 2254 Application in this Court on August 1, 2011.

In sum, at least **495 days (329 +166)** elapsed between the date Mr. Cain's conviction became final and the date he filed his § 2254 Application, even if the Court excludes from consideration the entire period from March 8, 2002 to September 18, 2009 and does not resolve the issue of whether there was a Colo. Crim. P. Rule 35(c) state post-conviction proceeding pending during that time.  The Application, therefore, is untimely unless Applicant is entitled to equitable tolling.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." ***Gibson***, 232 F.3d at 808 (internal quotation marks omitted); ***see also Miller v. Marr***, 141 F.3d

---

[1] ***See Gibson***, 232 F.3d at 804 (holding that the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law) (emphasis in the original).

976, 978 (10th Cir. 1998).  Simple excusable neglect is not sufficient to support equitable tolling.  *Gibson*, 232 F.3d at 808.  Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently.  *Miller*, 141 F.3d at 978.  Finally, the habeas petitioner bears the burden of demonstrating that equitable tolling is appropriate in this action.  *See id.*

Mr. Cain does not argue or allege any facts that might justify equitable tolling of the one-year limitation period.  Therefore, the Court finds that Applicant has failed to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as time-barred.  The Court need not reach Respondent's arguments that Mr. Cain's claims are also barred under the procedural default doctrine. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Cain has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this  8th  day of   November  , 2011.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court