IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01981-LTB

DAVID RICHARD CAIN,

    Applicant,

v.

RAE TIMME, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DENYING MOTION TO RECONSIDER

Applicant, David Richard Cain, a Colorado state prisoner, filed **pro se** a "Motion to Reconsider Dismissal of Applicant's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (Doc. # 17) on December 21, 2011. Mr. Cain asks the Court to reconsider the Order of Dismissal of November 8, 2011. The Court must construe Applicant's filings liberally because Mr. Cain is a **pro se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The Motion will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Cain filed the Motion to Reconsider more than twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The

Court, therefore, finds that the Motion for Reconsideration is filed pursuant to Rule 60(b). *Id*.; *see also* Fed. R. Civ. P. 59(e).

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotations and citations omitted). The grounds justifying relief from a final judgment are set forth in Fed. R. Civ. P. 60(b) and include a mistake and "any [ ] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Upon review of the motion for reconsideration and the entire file, the Court concludes that Mr. Cain fails to demonstrate that any ground justifying relief from the judgment exists in his case.

Mr. Cain filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his convictions in Jefferson County Court Case No. 99CR171. Respondents filed a Pre-Answer Response and asserted that the Application was untimely pursuant to 28 U.S.C. § 2244(d).  The Court agreed and entered an order dismissing the Application as time-barred on November 8, 2011. Specifically, the Court determined that Applicant's state court convictions were final on May 6, 2001. The Court further found that at least 495 days elapsed between May 7, 2011, when the statute of limitations commenced, and August 1, 2011, the date Mr. Cain filed his § 2254 Application, excluding the periods when a properly filed state post-conviction motion was pending in the state courts. The Court therefore determined that Mr. Cain's federal Application was untimely.

In his Motion to Reconsider, Mr. Cain argues that the Court has miscalcuated the date his conviction became final. He asserts that the AEDPA one-year statute of

limitations restarted on or after September 23, 2010, when the Colorado Court of Appeals issued an order remanding the case to the state trial court with directions to amend the mittimus to reflect that he is subject to discretionary parole, rather than a term of mandatory parole. **See People v. Cain**, No. 10CA0110 (Colo. App. Sept. 23, 2010) (unpublished) (Doc. #11-10, at 7-8).

Under Colorado law, when a court corrects or amends a sentence pursuant to Colo. R. Crim. P. Rule 35(a), the correction renews the statute of limitations for attacking the underlying conviction pursuant to Colo. Crim. P. Rule 35(c) motion. **Leyva v. People**, 184 P.3d 48, 50-51 (Colo. 2008). However, federal law determines when Mr. Cain's judgment of conviction becomes final to trigger the commencement of the statute of limitations for seeking post-conviction relief in federal court pursuant to 28 U.S.C. § 2254. **See Clay v. United States**, 537 U.S. 522, 531 (2002) ("[F]inality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule."). Mr. Cain has not provided any federal authority to support his argument that the one-year statute of limitations for § 2254 petitions restarts when a state trial court corrects the mittimus to reflect discretionary, rather than mandatory, parole. **Cf. Graham v. Smelser**, 422 F. App'x 705, 707-08 (10th Cir. 2011) (unpublished) (statute of limitations on § 2254 petition began running when the period for filing a timely direct appeal expired and did not restart when the state court entered an amended mittimus seven months later to give him credit for 390 days of time served).

The federal rule is that a defendant's judgment of conviction is final at "the conclusion of direct review or the expiration of time for seeking such review." **United**

***States v. Burch***, 202 F.3d 1274, 1278 (10th Cir. 2000).  Accordingly, Mr. Cain's conviction became final on May 6, 2001, ninety days after the Colorado Supreme Court denied his petition for certiorari review on direct appeal, when the time for seeking review in the United States Supreme Court expired.  ***See*** Sup.Ct. R. 13(1); ***Locke v. Saffle***, 237 F.3d 1269, 1273 (10th Cir. 2001).  As discussed in the dismissal order, Mr. Cain filed his § 2254 Application after the AEDPA one-year limitations period expired.

Furthermore, Mr. Cain does not present any basis for equitable tolling in his Motion to Reconsider.  ***See Miller v. Marr***, 141 F.3d 976, 978 (10th Cir. 1998).

In short, Mr. Cain has failed to demonstrate exceptional circumstances that would warrant relief from the dismissal order.  ***See Servants of the Paraclete***, 204 F.3d at 1009.   Accordingly, it is

ORDERED that the "Motion to Reconsider Dismissal of Applicant's application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (Doc. # 17), filed on December 21, 2011, is DENIED.

Dated at Denver, Colorado this   5th   day of   January  , 2012.

BY THE COURT:


   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court